IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BSI INDUSTRIES, INC.,

    Plaintiff,

vs.

Case No. C2-08-276
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

Q.B. JOHNSON MANUFACTURING,
    INC.,

    Defendant.

## OPINION AND ORDER

This mater is before the Court for consideration of Defendant's Motion to Dismiss or Stay. For the reasons that follow, the Motion is denied as to dismissal or stay, but the case is nonetheless transferred to the United States District Court for the Western District of Oklahoma.

I.

As alleged in Plaintiff's Complaint, BSI Industries, Inc. ("BSI"), an Ohio corporation, entered into contracts for the purchase of certain gas-processing equipment with Defendant, Q.B. Johnson Manufacturing, Inc. ("Q.B. Johnson"), an Oklahoma corporation. These contracts are evidenced by two Purchase Orders dated October 16, 2006 and November 9, 2006. Both Purchase Orders contain a "Choice of Law: Venue" provision:

> This purchase order shall be governed by the laws of the State of Ohio and any action arising from or under it shall be brought in state or federal courts in Columbus, Ohio.

(Compl., Exh. 1, ¶ 13.)

BSI alleges that Q.B. Johnson breached the contracts by failing to deliver the goods on time. BSI also seeks freight charges, and liquidated damages for the delayed delivery of the equipment.

In its Motion to Dismiss, BSI notes that, in October, 2007, in lieu of invoking any of the various remedies available under the Terms and Conditions of the Purchase Orders, BSI offered to settle its account with Q.B. Johnson. Q.B. Johnson countered, requesting a larger initial payment. Both parties accepted and acted upon those agreed terms.

On March 11, 2008, Q.B. Johnson filed a lawsuit in an Oklahoma state court alleging that BSI refused to pay its balance and thus breached "two separate agreements," to pay for goods and services. (Mot. to Dismiss, Exh. 1, ¶ 4.) Q.B. Johnson did not attach the Purchase Orders to its Petition. In the Oklahoma case, Q.B. Johnson seeks the net amount due based on the settlement agreement reached by the two corporate presidents.

Thirteen days later, on March 25, 2008, BSI filed the instant lawsuit in this Court seeking to be relieved of its payment obligation. BSI alleges that Q.B. Johnson owes BSI $1,927,755.60 in penalties pursuant to "Terms and Conditions" of the two Purchase Orders. Then, on April 14, 2008, BSI removed the Oklahoma state court case to the federal district court in the Western District of Oklahoma. On April 17, 2008, Q.B. Johnson amended its complaint to include a claim for breach of the settlement agreement.

In the Oklahoma matter, BSI filed a motion to dismiss or transfer the Oklahoma case to this Court. On May 8, 2008, the district court in Oklahoma denied BSI's motion to dismiss or transfer, and held that the parties had reached a settlement agreement. The district court rejected

BSI's contention that the dispute concerned the terms of the Purchase Orders, which as set forth above, included an Ohio-forum selection clause. Instead, the court found that the case centered around enforcement of the settlement agreement between the parties, which had no such forum-selection provision, and could thus be enforced in Oklahoma. BSI disagrees with this decision.

BSI thereafter filed an Answer and Counterclaim in the Western District of Oklahoma. The counterclaim duplicates BSI's claims in this Court. (Mot. to Dismiss, Exh. 10.) As of the parties' November 11, 2008 status report regarding the Oklahoma litigation discloses, discovery is underway, and Q.B. Johnson has filed a motion for summary judgment.

BSI's claims in this Court arise from the alleged Purchase Orders. The settlement agreement that is the subject of the Oklahoma lawsuit resolves the claims arising from these Purchase Orders. Q.B. Johnson maintains that BSI should not be permitted to proceed in this Court on claims that were filed first and are presently being adjudicated in another federal district court.

## II.

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). Under the first-to-file rule, when two actions involving parties and issues that substantially overlap have been filed in two different district courts, "'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). In determining the applicability of the rule, a court should consider "(1) the chronology of events; (2) the similarity of the parties involved; and (3) the

similarity of the issues or claims at stake." *Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002).

"Courts have discretion to dispense with the first-to-file rule when equity so demands . . . ." *Innovation Ventures, LCC v. Custom Nutrition Labs.*, 534 F. Supp. 2d 754, 755 (E.D. Mich. 2008)(citations omitted). Courts may decline to enforce the rule, for example, when the record contains evidence of forum shopping, bad faith, or anticipatory declaratory actions. *See AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004).

### III.

The parties are in apparent agreement that the first-to-file rule is applicable here. Indeed, the parties and issues in this action substantially, if not fully, overlap with the first-filed action in Oklahoma. BSI acknowledges that this Court and the Oklahoma federal district court should not simultaneously preside over the same controversy. It suggests, however, that dismissal of this case is premature, and requests a stay.[1]

"Under the principle of comity, a district court properly may dismiss a case because of a previously filed case pending before another district court that presents the same issues and involves the same parties." *Carter v. Bank One*, 179 Fed. Appx. 338, 340 (6th Cir. 2006)(citations omitted). After deciding that the first-to-file rule applies, disposition of the second-filed action is within the court's discretion. *Smith v. Sec. Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997):

---

[1] BSI disagreed with the Oklahoma court's decision denying its Motion to Dismiss or Transfer, and intended to seek reconsideration. It requested a stay of this case until such time as the Oklahoma court transferred the matter here. Presumably, BSI's effort to obtain reconsideration of the court's opinion denying its Motion was not successful, as the litigation in Oklahoma is proceeding.

> When a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit . . . . In weighing these three options, courts often proceed . . . under the rule of thumb that the entire action should be decided by the court in which an action was first filed.

*Id.*

While dismissal is one option within a district court's discretion, "few courts choose flatly to dismiss a second-filed suit, and in many of these cases the reason for dismissal is a court's inability to transfer." *Elite Physicians Servs., LCC v. Citicorp Credit Servs., Inc.*, No. 1:06-cv-86, 2007 WL 1100481, at *5 (E.D. Tenn. Apr.11, 2007). Moreover, second-filed courts generally grant a stay and retain jurisdiction pending the first-filed court's action for one of two reasons: (1) if dismissal or transfer would jeopardize the rights of one of the parties or (2) to give the first-filed court time to consider if the first-to-file rule applies. Second-filed courts generally choose to transfer an action when dealing with substantive matters. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d, 686, 691 (E.D. Tenn. 2005)(collecting cases).

In this case, BSI has not shown that dismissal would be the best solution under the circumstances. Furthermore, given that the litigation is on-going in Oklahoma and has reached the summary judgment stage, the Court sees no value in staying this action because the Oklahoma district court has given no indication that it intends to relinquish jurisdiction over its first-filed case.

Although neither party has moved for it, the Court concludes that the appropriate course of action is to transfer this case to the Western District of Oklahoma. This action is not taken under 28 U.S.C. § 1404(a). Rather, the case is transferred pursuant to the Court's inherent authority under the first-to-file rule. The Court finds transferring the case best supports the

principles of the first-to-file rule and serves the interests of justice. Transferring will allow Oklahoma district court complete discretion to adjudicate of both proceedings. The parties will be free to file any requests for consolidation or a stay in that court.

## IV.

For the foregoing reasons, Defendant's Motion (Doc. #12) is **DENIED** as to dismissal or stay. This action shall be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**IT IS SO ORDERED.**

2-6-2009
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**